25CA2055 Marriage of Tarasov 08-06-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA2055
Arapahoe County District Court No. 23DR30881
Honorable Christine Washburn, Judge

---

In re the Marriage of

Lizaveta Likhavitskaya,

Appellant,

and

Alex Tarasov,

Appellee.

---

ORDER AFFRIMED

Division VI
Opinion by JUDGE GOMEZ
Grove and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 6, 2026

---

The Law Office of John Bellinger, LLC, John Bellinger, Denver, Colorado, for Appellant

Gary P. Johnson, Denver, Colorado, for Appellee

¶ 1     In this post-dissolution of marriage case involving Lizaveta Likhavitskaya (mother) and Alex Tarasov (father), mother appeals the district court's order denying her request for attorney fees under section 14-10-119, C.R.S. 2025.  We affirm.

## I.     Background

¶ 2     After nearly two years of marriage and the birth of one child, mother petitioned for dissolution in 2023.

¶ 3     In January 2024, the parties executed a separation agreement and parenting plan in which father agreed to pay mother monthly spousal maintenance of $3,600 plus child support of $207.  The parenting plan contemplated that father's child support obligation would be revisited when maintenance ended in September 2024. The parties also agreed that each party would be responsible for their own "past, present, and future" attorney fees (attorney fee waiver).  At that time, mother was represented by counsel whereas father appeared pro se.

¶ 4     In April 2024, the district court incorporated the separation agreement and parenting plan into the dissolution decree.

¶ 5     In November 2024, mother, as anticipated in the separation agreement, moved to modify child support (modification motion).

1

She also sought her attorney fees under section 14-10-119, alleging that the parties' financial circumstances were disparate and that father was prolonging the dispute by demanding financial disclosures he had no right to obtain.

¶ 6     The district court held a hearing on mother's modification motion.  At the start of the hearing, the parties told the court that they had settled the child support issue by stipulating that father would pay $819 per month.  However, they still disagreed over mother's request for section 14-10-119 attorney fees relating to the modification motion.

¶ 7     Mother then testified that she was working part time as a retail stocker while also attending an online university, which was fully paid for by her employer.  The parties agreed to treat her monthly income as $2,722, which was the amount they had relied on when calculating child support.  Father, a software engineer, testified that he was earning about $12,500 per month.

¶ 8     In closing argument, father asserted that mother had waived her right to attorney fees in the separation agreement.  Mother countered that the attorney fee waiver only applied to fees associated with the dissolution itself and did not apply to fees

incurred in later proceedings. She also said that the district court should refuse to enforce the waiver as a disincentive to father unreasonably increasing the cost of future litigation.

¶ 9 The district court sided with father. The court determined that the language of the attorney fee waiver was clear and unambiguous and that, as a result, mother was barred from seeking section 14-10-119 fees. The court indicated that the waiver didn't prevent her from pursuing future fees or sanctions under section 13-17-102, C.R.S. 2025, or through contempt proceedings.

¶ 10 Mother moved to reconsider the district court's oral ruling. In denying the motion, the court determined that the attorney fee waiver was not unconscionable under the circumstances existing at the time of the hearing. The court added that although there was a substantial gap in the parties' incomes, mother had sufficient financial resources to litigate her modification motion.

¶ 11 Mother now appeals.

## II. Standard of Review

¶ 12 We review a district court's decision on whether to award section 14-10-119 attorney fees for an abuse of discretion. *See In re Marriage of Collins*, 2023 COA 116M, ¶ 51. A court abuses its

discretion when its ruling is manifestly arbitrary, unreasonable, or unfair or is based on a misapprehension of the law. *In re Marriage of Pawelec*, 2024 COA 107, ¶ 31.

### III. Discussion

#### A. Application of the Attorney Fee Waiver to Mother's Modification Motion

¶ 13     Mother contends that the district court misinterpreted the attorney fee waiver in the separation agreement by concluding that it applied to her modification motion. We disagree.

¶ 14     Section 14-10-112(1), C.R.S. 2025, allows parties to enter into a separation agreement as part of their dissolution of marriage.

¶ 15     When parties disagree about the meaning of their separation agreement, a district court can interpret it like a contract. *See In re Marriage of Crowder*, 77 P.3d 858, 860-61 (Colo. App. 2003); *see also In re Marriage of Manzo*, 659 P.2d 669, 671 (Colo. 1983) (a separation agreement is a contract between parties to a marriage).

¶ 16     Because the interpretation of a separation agreement — including a determination as to whether such an agreement is ambiguous — presents a question of law, our review is de novo. *Crowder*, 77 P.3d at 860.

¶ 17    In interpreting a separation agreement, our goal is to give effect to the parties' intent as determined primarily from the language of the agreement itself.  *Id.*  We give words and phrases their plain and ordinary meanings.  *In re Marriage of Thomason*, 802 P.2d 1189, 1190 (Colo. App. 1990).  If the language is plain, clear, and unambiguous, we must enforce it as written.  *Randall & Blake, Inc. v. Metro Wastewater Reclamation Dist.*, 77 P.3d 804, 806 (Colo. App. 2003); *see Thomason*, 802 P.2d at 1190.

¶ 18    The attorney fee waiver, in its entirety, reads:

> Each party will cover their own legal fees, for past, present, and future legal expenses; neither [p]arty is expected to reimburse the other [p]arty for prior withdrawals out of the [p]arties' joint account to pay attorneys fees.

¶ 19    Mother maintains that the attorney fee waiver applied only to the dissolution proceeding and not to her later modification motion. To get there, she points out that the parties filed the separation agreement in January 2024, while the decree was not entered until April 2024.  And because "more work" had to be done to finalize the dissolution during that three-month period, she argues, the reference to "future" attorney fees was intended to cover those fees.

5

¶ 20 Like the district court, we conclude that the plain and unambiguous language of the attorney fee waiver precluded mother from seeking fees related to her modification motion.

¶ 21 The parties didn't include language confining the attorney fee waiver to fees incurred in the original dissolution proceeding. Instead, the parties chose expansive language that expressly applies to "future" attorney fees. And in the parenting plan, which was filed at the same time as the separation agreement, the parties specifically contemplated that child support would be modified in the near future. *Cf. Rogers v. Westerman Farm Co.*, 29 P.3d 887, 898 (Colo. 2001) (appellate courts construe an agreement as a whole and avoid interpreting specific terms and phrases in isolation). Yet, they still agreed to bear their own future attorney fees without any limiting language.

¶ 22 Citing *In re Marriage of Cerrone*, 2021 COA 116, ¶ 20, mother asks us to adopt a rule that a waiver of the right to seek post-decree attorney fees may be enforced only if the waiver makes "unmistakably clear" that it extends to post-decree proceedings. But *Cerrone* involved a waiver related to maintenance, and mother doesn't explain how or why its reasoning should apply in the

6

context of a section 14-10-119 attorney fee waiver. We therefore decline to address the issue further. *See In re Marriage of Zander*, 2019 COA 149, ¶ 27 (an appellate court won't consider arguments not supported by legal analysis), *aff'd*, 2021 CO 12; *Vallagio at Inverness Residential Condo. Ass'n v. Metro. Homes, Inc.*, 2017 CO 69, ¶ 40 (an appellate court will "decline to assume the mantle" when parties offer no supporting arguments for their claims).

¶ 23     As best we understand, mother next claims that the district court improperly interpreted the attorney fee waiver "as applying to both" "pre-decree and post-decree" fee requests, which are two "very different things" under *In re Marriage of Hill*, 166 P.3d 269, 272 (Colo. App. 2007). But even if other post-decree proceedings might be treated differently and might be determined to fall outside the scope of the attorney fee waiver — an issue we needn't resolve in this appeal — the underlying proceeding at issue here was expressly contemplated by the parties at the time they agreed to the waiver and before the decree was entered.

¶ 24     Accordingly, we conclude that the district court correctly interpreted the attorney fee waiver to bar mother from recovering section 14-10-119 attorney fees from the modification motion.

### B.    Unconscionability of the Attorney Fee Waiver

¶ 25    Mother also contends that the district court shouldn't have enforced the attorney fee waiver because it was unconscionable and contrary to public policy.  Again, we disagree.

¶ 26    In determining whether the parties' attorney fee waiver is enforceable, we look to *In re Marriage of Ikeler*, 161 P.3d 663 (Colo. 2007) for guidance.  There, our supreme court recognized that parties may contractually waive an award of attorney fees in a premarital or marital agreement.  *Id.* at 668.  But such a waiver is always subject to review for unconscionability as of the time a party seeks to enforce it.  *Id.* at 671.  In making a determination on unconscionability, the court considers public policy concerns.  *See id.* at 667.  Thus, if enforcing the waiver would violate public policy, the court isn't bound by the waiver because its enforcement would be unconscionable under the circumstances.  *Id.* at 667 ("Unconscionable contract provisions, particularly in the context of marital agreements, are unconscionable precisely because they violate public policy."), 671 (if a provision is unconscionable, it violates public policy and is not binding on the court); *see* § 14-2-

8

310(2)(e), C.R.S. 2025 (a term in a premarital or marital agreement is unenforceable to the extent that it violates public policy).

¶ 27    The supreme court emphasized that a waiver of the right to recover attorney fees may violate public policy where one spouse lacks the financial resources necessary to litigate the dissolution proceeding, particularly where issues affecting the children are involved. *See Ikeler*, 161 P.3d at 670.

¶ 28    The public policy behind section 14-10-119 is to ensure that neither party suffers undue economic hardship as a result of the proceedings. *See id.* at 669-70; *see also In re Marriage of Anthony-Guillar*, 207 P.3d 934, 944 (Colo. App. 2009) (The primary purpose for awarding attorney fees under section 14-10-119 "is to equalize the parties' financial positions.").

¶ 29    We apply *Ikeler's* reasoning, finding it equally applicable here in the context of a separation agreement. Like the premarital agreement at issue in *Ikeler*, a separation agreement is a contract between spouses that is reviewable for unconscionability. *See Manzo*, 659 P.2d at 671 (before approving a separation agreement and incorporating it into a dissolution decree, a district court should first review the agreement's provisions for conscionability).

Accordingly, we conclude that the unconscionability principles in *Ikeler* apply with equal force to the attorney fee waiver before us.

¶ 30    The district court here made the following findings, all of which are supported by the record:

- A little over a year earlier, each party had received an equitable share of the marital estate.

- Although there was a disparity between the parties' incomes, mother had sufficient financial resources to litigate her modification motion.

- Mother had sufficient funds in her bank accounts to pay for her attorney fees. Her July 2025 sworn financial statement identified total assets of $38,548, including, among other things, $26,885 in cash, $7,188 in gold coins and jewelry, and $475 in retirement accounts. Her cash on hand as of that time was $4,285 more than it had been when she filed the motion in November 2024.

And her $6 in credit card debt "did not correspond" with her claimed $1,528 monthly shortfall.[1]

¶ 31    After determining that the attorney fee waiver was not unconscionable, the court enforced it.

¶ 32    The record also reveals that mother's request for fees was motivated at least in part by her allegation that father had unnecessarily expanded the litigation.  In closing argument, she said that she should be awarded fees "so that he understands that in the future, when these issues come up, he has to be reasonable." She never testified or argued that enforcement of the attorney fee waiver imposed the type of economic hardship contemplated in *Ikeler.  See id.*  Put simply, she never indicated that she couldn't afford to pursue her modification motion without a recovery of attorney fees.

¶ 33    Because the district court applied the correct legal standard, the court made the necessary findings, and those findings have record support, we discern no error.

---

[1] To the extent that mother asserts the district court failed to consider her testimony that her cash assets increased because of a recent tax refund, we presume that it considered all the evidence admitted.  *See In re Marriage of Collins*, 2023 COA 116M, ¶ 21.

## IV. Appellate Attorney Fees

¶ 34    Mother asks for her appellate attorney fees under section 14-10-119.  Because she provides no meaningful analysis, we deny her request.  *See* C.A.R. 39.1 (a party asking for appellate attorney fees must include a specific request and explain the legal and factual basis for an award); *see also In re Marriage of Roddy*, 2014 COA 96, ¶ 32 (denying an attorney fee request that merely cited the appellate rule without further identifying specific grounds for a fee award); *Barnett v. Elite Props. of Am., Inc.*, 252 P.3d 14, 19 (Colo. App. 2010) ("We will not consider a bald legal proposition presented without argument or development.").

## V. Disposition

¶ 35    The order is affirmed.

JUDGE GROVE and JUDGE MOULTRIE concur.